IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BAKER LASER TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:25-cv-436<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Baker Laser Technology, LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Massachusetts.

2. On information and belief, Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of New York and having a regular and established place of business in this Judicial District at 6625 Excellence Way, Plano, TX 75023. Upon information and belief, Defendant does business in Texas and in this Judicial District, directly or through intermediaries.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.  This Court has personal jurisdiction over Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the laws of this State. On information and belief, Defendant has, directly or through subsidiaries or intermediaries, committed acts of patent infringement in this State and in this Judicial District as alleged in this Complaint. Moreover, on information and belief, Defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they will be purchased and used by customers located in this State. On information and belief, Defendant has committed acts of infringement in this State and this Judicial District.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Defendant, on information and belief, has committed acts of infringement and has a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

6.  Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,185,373, entitled "Laser Projection System" ("the '373 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7.  A true and correct copy of the '373 patent is attached hereto as Exhibit A. The '373 patent is incorporated herein by reference.

8.  The application that became the '373 patent was filed on December 5, 2014. The '373 patent is a continuation of an application filed on January 22, 2007, which was a continuation-in-part of an application filed on August 19, 2006.

9.  The '373 patent issued on November 10, 2015, after a full and fair examination by the USPTO.

10. The subject matter disclosed and claimed in the '373 patent was conceived and developed through collaboration between David Baker, who owns and controls Baker Laser Technology, LLC, and Richard Baker, his father. David is a lifelong innovator, having received his first U.S. patent at age 12, and he continues to devote his time and energy to developing and improving technologies in consumer and commercial applications.

11. David incorporated Richard's assistance in the refinement of the subject matter claimed in the '373 patent. Richard Baker, an inventor with 35 U.S. patents to his name and a seasoned patent licensing executive with decades of experience in managing patent portfolios for some of the biggest corporations in the world, contributed to additional inventive concepts for the '373 patent.

## COUNT I – INFRINGEMENT OF THE '373 PATENT

12. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

13. Defendant has and continues to directly infringe at least independent claims 1 and 8 of the '373 patent by making, using, selling, offering for sale, and/or importing the accused instrumentalities, including at least the Samsung Premiere LSP7T and the Premiere 7 SP-LPU7D, as detailed in the preliminary claim chart attached hereto as Exhibit B, which is incorporated herein by reference.

14. On information and belief, Defendant has performed all steps of claim 8 or, alternatively, to the extent a user performed any step, Defendant conditioned the user's use of the functionality of its accused instrumentalities described herein on the performance of that step as disclosed in Exhibit B. On information and belief, a user of the accused instrumentalities could not use the functionality described in Exhibit B without performance of the steps recited in claim 8 of the '373 patent. Defendant also controlled the manner and/or timing of the functionality

described in Exhibit B. In other words, for a user to utilize the accused instrumentalities, the steps of claim 8 of the '373 patent had to be performed in the manner described in Exhibit B. Otherwise, the benefit of the accused instrumentalities would not have been available to their users.

15. Plaintiff provided Defendant with notice of its infringement by letter dated April 16, 2025, which was delivered to Defendant on April 21, 2025. On information and belief, after receiving notice of the '373 patent and its infringement, Defendant has continued to induce third-parties (e.g., its subsidiaries, distributors, retailers, customers and users of the accused instrumentalities) to directly infringe the '373 patent, including, for example, by marketing, advertising, and distributing accused instrumentalities and encouraging others to sell, offer to sell, and/or use them in a way known to infringe when used in their customary and intended manner as set forth in Exhibit B.

16. In particular, Defendant's actions that aid and abet others, such as subsidiaries, distributors, retailers, customers, and/or users to infringe include distributing the accused instrumentalities and providing materials and/or services related to accused instrumentalities. On information and belief, since receiving notice of its infringement, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement of at least independent claims 1 and 8 (as shown in Exhibit B) because Defendant has had actual knowledge of the '373 patent and that its acts were inducing infringement of the '373 patent.

17. Defendant also has and continues to indirectly infringe at least independent claims 1 and 8 of the '373 patent in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as

Defendant's distributors, retailers, customers, and users, by offering and providing Defendant's accused instrumentalities without authority or license from Plaintiff with features understood and intended to infringe the '373 patent as set forth in the claim chart attached as Exhibit B, which do not constitute a staple article, and which have no substantial non-infringing use.

18. Defendant's infringing activities have been without authority or license under the '373 patent.

19. Plaintiff has complied with all applicable requirements of 35 U.S.C. § 287 such that it is entitled to past damages for infringement.

20. Plaintiff has been damaged by Defendant's infringement of the '373 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed at least one claim of the '373 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts, including but not limited to those acts not presented at trial, and including enhanced damages for willful infringement,

C. A determination that this case is exceptional, and an award of attorney's fees,

D. All costs of this action,

    E.      Pre-judgment and post-judgment interest on the damages assessed, and

    F.      Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 25th day of April 2025.

                                                                   */s/ Cortney S. Alexander*
                                                                   Cortney S. Alexander
                                                                      cortneyalexander@kentrisley.com
                                                                      Tel: (404) 855-3867
                                                                      Fax: (770) 462-3299
                                                                  KENT & RISLEY LLC
                                                                  5755 N Point Pkwy Ste 57
                                                                  Alpharetta, GA 30022

                                                                  Attorneys for Plaintiff